UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BALDWIN,<br>        Petitioner,<br>   v.<br>ROBERT W. FOX, Acting Warden,[1]<br>        Respondent. | Case No. 06-cv-06397-SBA (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE NOTICE OF INTENT TO PROSECUTE AND AMENDED PETITION, IF APPLICABLE** |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 13, 2007, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his state judicial remedies. The Court also stated: "Nothing further will take place in this action until Petitioner receives a final decision from the California Supreme Court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims." Dkt. 11 at 3.

On May 24, 2007, Petitioner filed a letter to the Clerk of the Court, informing the Clerk that his state proceedings had concluded; however, he did not move to reopen the action or to amend the stayed petition to add the newly-exhausted claims. Dkt. 12. Petitioner has not communicated with the Court since 2007. Because Petitioner failed to follow-up his letter with the aforementioned filing requirements, nothing took place in this action. However, the Court has recently reviewed this case and has determined that because of the length of time since Petitioner's last communication with the Court, it is

---

[1] Robert W. Fox, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1 unclear whether he intends to continue to pursue the claims set forth in his habeas petition
2 at this time.
3      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte
4 dismiss an action for failure to prosecute or to comply with a court order. See Link v.
5 Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir.
6 1991). But such a dismissal should only be ordered when the failure to comply is
7 unreasonable. See id. The court should afford the litigant prior notice of its intention to
8 dismiss. See Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987).
9 Furthermore, pursuant to Northern District Local Rule 3-11, a party proceeding pro se
10 whose address changes while an action is pending must promptly file and serve upon all
11 opposing parties a notice of change of address specifying the new address. See L.R. 3-
12 11(a).
13      Accordingly, it is in the interests of justice and judicial efficiency for the Court to
14 establish whether Petitioner intends to continue to prosecute this action. Petitioner shall
15 file a notice of continued intent to prosecute, as directed below.
16      If Petitioner files a timely notice of continued intent to prosecute, he must also file
17 an amended petition in this Court which incorporates the newly-exhausted claims he
18 intends to raise in federal court, as further directed below.
19      Finally, Clerk's Office staff has determined that Petitioner has since been
20 transferred from California State Prison-Solano to the California Medical Facility. The
21 Clerk shall update Petitioner's address and send his copy of this Order to his new address.

## CONCLUSION

23 For the reasons outlined above, the Court orders as follows:
24 1. Petitioner shall file a notice of continued intent to prosecute no later than
25 **twenty-eight (28) days** of the date of this Order. Failure to do so will result in the
26 dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the
27 Federal Rules of Civil Procedure. See Malone, 833 F.2d at 133 (the district court should
28 afford the litigant prior notice before dismissing for failure to prosecute).

United States District Court
Northern District of California

2. If Petitioner files a timely notice of continued intent to prosecute, then no later than **twenty-eight (28) days** of the date of this Order, he must also file an amended petition in this Court which incorporates the newly-exhausted claims he intends to raise in federal court. The Court will lift the stay on the date that Petitioner files his amended petition. Petitioner must submit the amended petition on the attached blank habeas petition form, clearly label the petition as the "Amended Petition," and write in the case number for this action—C 06-6397 SBA (PR)—on the form. He should also attach to his amended petition a copy of his petition to the California Supreme Court, if the document is available to him. If Petitioner fails to file an amended petition within the prescribed period, the Court will dismiss this action without prejudice for failure to prosecute.

3. The Clerk shall update Petitioner's address as: California Medical Facility, P.O. Box 2000, Vacaville, California 95696-2000.

4. The Clerk shall send Petitioner a blank § 2254 habeas petition form.

IT IS SO ORDERED.

Dated: 5/11/15

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.06\Baldwin6397.FileAmPet&NotOfIntent2Pros.docx

3